NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | |
| Plaintiff, | |
| vs. | Civil Action No. 05-3899 (KSH) |
| JOSEPH T. MONGELLI, | |
| Defendant. | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.  INTRODUCTION**

Plaintiff American Guarantee and Liability Insurance Company (hereafter, "plaintiff" or "AGLI") filed suit against attorney Joseph T. Mongelli (hereafter, "defendant" or "Mongelli") on August 4, 2005, seeking rescission of three professional liability insurance policies on grounds that defendant made material misrepresentations in the policy applications.  In the alternative, plaintiff seeks a declaration that it has no duty to defend or indemnify defendant in litigation in the Southern District of New York entitled <u>Alpha Mortgage Investors and Beta Mortgage Investors v. Joseph Greenblatt, Maywood Capital Corp., Peter F. Vogel, Joseph T. Mongelli, and Mongelli & Neglio, L.L.C.</u>, Docket No. 04-cv-1805 (hereafter, "the Alpha Mortgage case"), nor

1

in any claims arising out of defendant's representation of Joseph Greenblatt,[1] Maywood Capital Corporation, and/or Maywood Capital Corporation's investors and/or lenders. (Complaint ¶ 6.) Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

## II.  MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). A motion to dismiss will be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984). The Court "need not credit a complaint's bald assertions or legal conclusions." In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429 (3d Cir. 1997) (internal citations omitted).

## III.  BACKGROUND

For the purposes of this motion to dismiss, the Court will recite the facts as provided by the non-movant AGLI in its complaint. AGLI alleges that it issued defendant three one-year professional lawyers' liability policies beginning on March 10, 2003 and continuing through March 10, 2006. (Complaint ¶ 7.) Defendant completed and signed an application for the first

---

[1] Joseph Greenblatt is alternatively called Maywood Capital Corporation's "principal" (Complaint ¶ 15) and the owner of Maywood Capital Corporation (Complaint ¶ 17).

policy, and each year thereafter he signed a renewal application.  (Complaint ¶ 8.)   Plaintiff argues that defendant made material misrepresentations in each of the applications by failing to disclose that he had been the subject of disciplinary proceedings in the year 2000 and by "failing to disclose circumstances that would lead a reasonable Insured to believe that they breached a professional duty that might reasonably be expected to be the basis of a claim against them."  (Complaint ¶ 29.)  Based on the "General Conditions" of the insurance policies, plaintiff argues that the three policies should be rescinded and declared void *ab initio*.  (Complaint ¶ 30.)

Alternatively, in its second count plaintiff requests declaratory judgment that it has no duty to defend or indemnify the defendant in connection with the Alpha Mortgage case mentioned above,  nor in any claims arising out of defendant's representation of Maywood Capital Corporation, Joseph Greenblatt, and/or Maywood Capital Corporation's investors and/or lenders.  (Complaint ¶¶ 36, 6.)  Plaintiff alleges that coverage under the policies "may be barred for the following reasons:

- the claims do not fall within the Insuring Agreement of the policies;
- the Prior Acts Exclusion;
- the Business Pursuits Exclusion;
- the Fraud Exclusion;
- the claims do not seek damages as defined by the policies; and
- the insured failed to satisfy the notice conditions of the policy."

(Complaint ¶ 35.)

## IV. DISCUSSION

### A. First Count – Rescission

According to plaintiff, until the year 2000 Mongelli and Peter F. Vogel (hereafter, "Vogel"), one of the parties sued in the Alpha Mortgage case, were law partners. One of their clients was Maywood Capital Corporation (hereafter, "Maywood"). (Complaint ¶¶ 10-11.) In August 2000, Vogel was disbarred, and the law partnership was dissolved. (Complaint ¶ 12.) After his disbarment, Vogel became a principal, director, officer, and/or employee of Maywood. (Complaint ¶ 13.)

In 2004, Maywood, Vogel, Mongelli, and Mongelli & Neglio, L.L.C. were sued by two groups of investors, Alpha Mortgage Investors and Beta Mortgage Investors. In essence, the investors were claiming that Mongelli failed to secure their investment funds and turned these funds over to Greenblatt without notice. (Complaint ¶ 17.) Specifically against Mongelli, the complaint alleged fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, and breach of fiduciary duty. (Complaint ¶¶ 16-17.)

In the complaint, AGLI alleges that Mongelli's failure to disclose the situation with Vogel and Maywood, along with his failure to mention that he received a Letter of Admonition from the Disciplinary Review Board in 2000 respecting a different client matter,[2] render the insurance policies void from their inception. (Complaint ¶¶ 28-30.)

---

[2]In November 2000, the defendant was disciplined by the Office of Attorney Ethics for the negligent misappropriation of client funds held in trust. (Complaint ¶ 14; Letter of Admonition from the Disciplinary Review Board of the Supreme Court of New Jersey (November 27, 2000), Docket No. DRB-00-293, annexed as Plaintiff's Exhibit A to Smith's Certification and Defendant's Exhibit J to Peluso's Affidavit.)

4

In his motion to dismiss, Mongelli first argues that AGLI has failed to plead the nature of the alleged misrepresentations and failed to plead the material nature of those misrepresentations. (Moving Brief at 3.)  Next, he denies that he was disciplined by the Office of Attorney Ethics for the negligent misappropriation of client funds held in trust, insisting that he merely received a "Letter of Admonition" for an "unintentional, and statutorily defined 'minor,' overpayment to a former client completely unrelated to the Alpha Case or Maywood Capital." (Id.)  Therefore, when he completed the insurance application in 2003 and denied that he was "the subject of a reprimand, disciplinary action, or current investigation" during the preceding five years, defendant maintains that he was not making a misrepresentation.  (Id.)

Mongelli  also argues that his failure to inform AGLI of the Letter of Admonition was not "material" to the polices at issue because the insurance application "clearly sought information relating to 'disciplinary action' more serious than a minor Letter of Public Admonition."  (Id. at 3-4).   Defendant also contends that he notified AGLI of potential professional liability arising from Vogel's conduct by advising in the 2003 application for insurance "that he had previously been 'declined, cancelled or non-renewed' for professional liability insurance during the preceding five (5) years 'due to the exposure of Mr. Mongelli's former partner who had been suspended.'" (Id. at 4.)

Mongelli claims that he notified  AGLI of the Alpha mortgage lawsuit after he was served with the complaint, and that AGLI sent back a "reservation of rights letter" dated April 13, 2004. AGLI admits this in the complaint.  (Complaint ¶ 21-22.)   Defendant submits copies of the renewal applications for the 2004 and 2005 policies, and points out that those applications do not inquire into whether he was aware of any circumstances which could potentially lead to a claim

5

of professional liability against him.  (Moving Brief at 4; Peluso Affidavit, Exhibits H and I.)

In New Jersey, "[t]he law is well settled that equitable fraud provides a basis for a party to rescind a contract." First American Title Ins. Co. v. Lawson, 177 N.J. 125, 136 (2003).  Equitable fraud consists of "(1) a material misrepresentation of a presently existing or past fact; (2) the maker's intent that the other party rely on it; and (3) detrimental reliance by the other party." Id. at 136-137, quoting Liebling v. Garden State Indem., 337 N.J.Super. 447, 453 (App.Div. 2001), *certif. denied* 169 N.J. 606 (2001).   In the context of an insurance policy, an insured who commits equitable fraud will forfeit his or her rights under the policy and the policy will be rescinded.  First American Title Ins. Co. v. Lawson, 177 N.J. at 137.  "Rescission voids the contract *ab initio,* meaning that it is considered 'null from the beginning' and treated as if it does not exist for any purpose." Id.

AGLI's demand for rescission centers around Mongelli's answers to two questions on the initial application for insurance that he completed in 2003.  Question 3.b. of the application asked, "During the past five (5) years, has any attorney named in Question 1 been the subject of a reprimand, disciplinary action, or current investigation?"  (Smith Certification, Exhibit B; Peluso Certification, Exhibit G.)  Both parties agree that defendant answered by checking the box marked  "no."  (Id.)  According to AGLI this constitutes a misrepresentation because the letter from the Disciplinary Review Board stated that Mongelli was found to have caused a negligent misappropriation of client funds held in trust. (Complaint ¶ 14; Letter of Admonition from the Disciplinary Review Board of the Supreme Court of New Jersey (November 27, 2000), Docket No. DRB-00-293 (Plaintiff's Exhibit A to Smith's Certification; Defendant's Exhibit J to Peluso's Affidavit).)

6

Question 3.c. of the insurance application asked,

> During the past five (5) years, has any professional liability claim or suit been made against any attorney named in Question 1 OR is any attorney named in Question 1 aware of any circumstances, incidents, acts, errors or omissions which could result in a professional liability claim against the firm, any attorney of the firm, or its predecessors? If YES, provide full details on a Supplemental Claim Information form.

(Smith Certification, Exhibit B; Peluso Certification, Exhibit G.) AGLI contends that Mongelli checked the box marked "no" in response. (Opposition Brief at 14). But the copy of the application that AGLI has submitted show both the "no" *and* the "yes" boxes marked off. (Smith Certification, Exhibit B.) For his part, Mongelli has supplied a copy of the application on which only the box labeled "yes" is marked. However, he did not include with that a "Supplemental Claim Information form," and therefore did not provide "full details" of his response. (Peluso Certification, Exhibit G.)

Mongelli argues that he accurately answered "no" to question 3.b. because "the specific language of that question suggested a sequence of increasing level of ethical charges beginning with a reprimand, and not some lesser ethical charge," which is how he refers to the Letter of Admonition. (Reply Brief at 4.) He contends that he reasonably interpreted the application, and that any ambiguity in the language must be construed against AGLI, the drafter, and in favor of the insured. (Moving Brief at 8.) He also argues that the actions that led to the Letter of Admonition were "far from 'material' to the coverage provided by Plaintiff under the Policies," because the disciplinary authority merely admonished him due to an "overpayment to a former client." (Id. at 9.)

But AGLI contends there is no ambiguity in the question Mongelli had to answer, and no

7

suggestion of an increasing level of discipline. (Opposition Brief at 13.) AGLI argues that the failure to disclose the Letter of Admonition is a misrepresentation that constitutes equitable fraud, even were the misrepresentation "innocent" (Id. at 12), pointing to what the Letter of Admonition states:

> Your conduct adversely reflected not only upon you as an attorney, but also upon the members of the bar. Accordingly, the Board has directed the issuance of this admonition to you. R. 1:20-15(f)(4).
>
> A permanent record of this occurrence has been filed with the Clerk of the Supreme Court and the Board's office. Should you become the subject of any further discipline, it will be taken into consideration.
>
> The Board has also directed that the costs of the disciplinary proceedings be assessed against you. An affidavit of costs will be forwarded under separate cover.

(Id. at 13; Exhibit A to Smith Certification,.) AGLI notes that the Disciplinary Review Board described its action against Mongelli as a "disciplinary proceeding," contrary to defendant's position that the Letter did not arise from a disciplinary action. (Opposition Brief at 13.)

When considering a motion to dismiss, the question for the Court is not whether the plaintiff will ultimately prevail, but whether the allegations state a legal claim that would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In this case, accepting the allegations and any inferences therefrom as true, AGLI has specifically alleged a material misrepresentation on Mongelli's part (Complaint ¶ 29), and has specifically alleged that it relied upon that misrepresentation to its detriment (Complaint ¶ 30). AGLI has not expressly alleged that Mongelli intended it to rely on the alleged material misrepresentation, but reliance can reasonably be inferred inasmuch as the information was provided on an application for insurance coverage. Also, the Court notes that "[e]ven an innocent misrepresentation can

constitute equitable fraud justifying rescission." Ledley v. William Penn Life Ins. Co., 138 N.J. 627, 635 (1995).

Mongelli also argues that the complaint should be dismissed because AGLI has not met the higher pleading standards of Federal Rule of Civil Procedure 9(b) that apply to allegations of fraud. (Moving Brief at 8.) Rule 9(b) states that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ. P. 9(b). The purpose of the particularity requirement of Rule 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). The Court disagrees: AGLI has specified stated the alleged misconduct as a failure to disclose the 2000 disciplinary action against him, a failure to disclose the circumstances of his former partner Vogel's disbarment, and the possibility of liability as a result of Mongelli's and Vogel's involvement with Maywood. The Court also notes that Rule 9(b) allows that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). Therefore, the Court finds that AGLI has sufficiently stated a claim as to the first count for rescission of the contracts, and Mongelli's motion to dismiss the first count is denied.

**B. Second Count – Declaratory Judgment**

AGLI's second cause of action is for declaratory relief against Mongelli pursuant to both the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50 *et seq.* In its complaint, AGLI asserts that it "is entitled to a declaration that it has no duty to indemnify, settle or satisfy any amounts or judgments that

9

Joseph Mongelli becomes obligated to pay as a result of the Alpha Mortgage Action and the other actions arising from Mongelli's representation of Maywood and/or its investors." (Complaint ¶ 34.)  AGLI also states that it is entitled to a declaration that it has no duty to defend Mongelli in the Alpha Mortgage action.  (Complaint ¶ 33.)  AGLI argues such coverage should be barred based on the Prior Acts Exclusion, the Business Pursuits Exclusion, and the Fraud Exclusion in the issued policies; because the claims do not fall within the "Insuring Agreement" of the policies; because the claims do not seek damages as defined by the policies; and because Mongelli failed to satisfy the notice conditions of the policies.  (Complaint ¶ 35.)

Alternatively,  should the Court decide that it is obligated to defend and/or indemnify Mongelli, AGLI seeks a declaration that the obligation be "limited because all claims arising out of Mongelli's representation of Maywood and/or its investors comprise Related Acts or Omissions as defined by the policies."  (Complaint ¶ 36.)

In his motion to dismiss, Mongelli first argues that this Court does not have subject matter jurisdiction over this declaratory judgment action because there is not an actual and pending controversy at this time between the parties.  (Moving Brief at 10.)  He states that "[i]t is undisputed that there is no existing case which is pending against Mr. Mongelli at this time." (Id. at 11.)   Mongelli describes the Alpha mortgage case as closed, with the plaintiffs having settled with all defendants except him.  He states that the case "has not yet be[en] re-opened against" him. (Id. at 5-6.)  Under these circumstances, Mongelli argues the second count of AGLI's complaint should be dismissed.  (Id. at 6.)  AGLI disputes this, asserting  that "a lawsuit has been filed against [the defendant] and that [the plaintiff] is currently providing a defense to Defendant under full reservation of rights."  (Opposition Brief at 18.)

Next, Mongelli argues that AGLI has not alleged any facts to support its argument that coverage under the policies "may be barred" by the Prior Acts Exclusion, the Business Pursuits Exclusion, and the Fraud Exclusion. Mongelli also contends that AGLI fails to support its position that his coverage claims do not fall within the "Insuring Agreement" of the policies; that the claims do not seek damages as defined by the policies; and that he failed to satisfy the notice conditions of the policies. (Moving Brief at 5.) Mongelli argues that this failure to provide factual support for declaratory judgment relief establishes that the issue is not ripe for adjudication. (Id.)

The federal Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C.A. § 2201(a). In considering the meaning of the phrase "actual controversy" for the purposes of the Declaratory Judgment Act, the U.S. Supreme Court stated,

> [t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937) (internal citations omitted.)

In considering a motion to dismiss, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). AGLI's complaint sets forth that in 2004 Mongelli, along with a number of other parties, was sued in the Southern District of

11

New York (Complaint ¶ 16), and AGLI retained an attorney to represent him.  (Complaint ¶ 24).  As such, AGLI is not complaining about a hypothetical situation, but a real controversy that touches the legal relations of these two parties, giving rise to the Court's subject matter jurisdiction over this declaratory action.

In opposition to Mongelli's argument that it fails to plead factual support for its claims, AGLI argues that its complaint sufficiently meets the notice pleading standards as set forth in Federal Rule of Civil Procedure 8.  (Opposition Brief at 21.)   The portion of the complaint that sets out AGLI's theory of its right to declaratory relief reads as follows:

> American Guarantee believes that coverage may be barred for the following reasons:
> - the claims do not fall within the Insuring Agreement of the policies;
> - the Prior Acts Exclusion;
> - the Business Pursuits Exclusion;
> - the Fraud Exclusion;
> - the claims do not seek damages as defined by the policies; and
> - the insured failed to satisfy the notice conditions of the policy

(Complaint ¶ 35.)

Because AGLI's request for declaratory relief is listed as a separate cause of action from the first count of rescission, the Court surmises that its position that it does not have to defend or indemnify Mongelli in any case related to the Alpha Mortgage action or any action arising from Mongelli's representation of Maywood and/or its investors is based on a theory other than Mongelli's alleged misrepresentations in the applications.  If the theory behind the declaratory relief had been the alleged misrepresentations,  the first count would provide AGLI with greater relief than it requests in the second count.

However, AGLI has not provided any support, beyond what is reprinted directly above,

12

for its conclusory statements that the coverage is barred.  AGLI's complaint does not explain why these claims do not fall within the Insuring Agreement of the policies.  AGLI has not explained to the Court the contours of the Prior Acts Exclusion, the Business Pursuits Exclusion, or the Fraud Exclusion, nor does it state why the Alpha Mortgage action and the Maywood representation come within those exclusions.  AGLI does not set out the damages sought by those claims nor why those damages are beyond those defined by the policies.  Finally, AGLI does not explain how Mongelli failed to satisfy the notice conditions of the policies, especially considering that AGLI admitted it was notified of the Alpha Mortgage action, admitted that it sent Mongelli a reservation of rights letter on April 13, 2004, and admitted that it retained an attorney to represent Mongelli in that action. (Complaint ¶¶ 21-22, 24.)  Although AGLI attempted to supplement the deficiencies of its complaint in its opposition brief, for the purposes of this motion to dismiss, the Court considers only the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d at 1261.  "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988), quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied,* 470 U.S. 1054 (1984).

As the complaint stands, AGLI has not sufficiently stated a claim in the second count to survive the motion to dismiss.  The cure would appear to be an amendment to the complaint, but in these submissions, AGLI did not request leave nor move to amend.   However, the Third Circuit has held that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile**."**  Alston v. Parker,  363 F.3d 229, 235 (3d Cir. 2004).

In that case, after finding that the district court had erroneously held the plaintiff to a heightened pleading standard and dismissed the complaint for failure to state a claim, the Third Circuit directed the district court to offer the plaintiff leave to amend prior to a 12(b)(6) dismissal, "unless a curative amendment would be inequitable, futile, or untimely." Id. at 236.  To further guide the district court on remand, the court suggested that in dismissing a complaint for failure to state a claim,

> that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Id. (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir.1976).)

Accordingly, Count Two is dismissed *without prejudice.*   If the plaintiff does not amend the complaint within 30 days, or declares its intention to stand on the complaint, defendant may submit an appropriate order indicating that Count Two is dismissed with prejudice, consistent with this opinion.  Borelli v. City of Reading, 532 F.2d at 951-952. ("[A]n order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable.")

## V.  CONCLUSION

Based on the foregoing, the defendant's motion to dismiss (document #5) is **denied as to Count One and granted as to Count Two**, with conditions as set forth above.  An appropriate

14

order will be entered.


**Dated:**   June 29, 2006

/s/ Katharine S. Hayden
**Katharine S. Hayden**
**United States District Judge**
